UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:06-cr-103-FtM-29DNF

JACK JOSEPH BREMS

_____

**OPINION AND ORDER**

_____This matter came before the Court on April 24, 2007, for a non-jury trial.  The Court makes the following findings of facts and conclusions of law.

On September 13, 2006, defendant Jack Joseph Brems (defendant or Brems) was indicted by a grand jury in the Fort Myers Division of the Middle District of Florida.  The one-count Indictment (Doc. #1) charged that on or about August 8, 2006, defendant unlawfully and intentionally, using any device, disrupted the services of the Southwest Florida International Airport and though his actions did endanger safety at the airport, specifically USA3000 Flight 791 and Southwest Airlines Flight 251, in violation of 18 U.S.C. § 37(a)(2).

Defendant appeared before the undersigned on April 24, 2007, for trial.  The Court had defendant placed under oath and examined him with regard to his competency to proceed.  Both defense counsel and government counsel opined that defendant was competent to proceed.  The Court finds that defendant is not presently suffering from a mental disease or defect which renders him mentally

incompetent, that defendant understands the nature and consequences of the charge and the proceedings against him, and that defendant can and does properly assist his attorney in his defense. The Court therefore concludes that defendant is competent to proceed.

At the beginning of the proceedings defendant, through counsel, stated he wished to waive a jury trial. The Court personally examined defendant and concluded that defendant was competent to do so and that he knowingly, intelligently, and voluntarily waived his right to a jury and consented to trial by the court sitting without a jury. Defendant signed a written waiver of jury trial, which was consented to by the government and approved by the Court.

The evidence presented to the Court consisted of two Stipulated Facts (Docs. #45, 46) which were personally approved by defendant. The Court makes the following factual findings beyond a reasonable doubt:

On August 8, 2006, defendant Jack Joseph Brems crashed his vehicle through a security gate at Southwest Florida International Airport in Lee County, Florida, which is a location within the Middle District of Florida. Defendant drove the vehicle onto the airport runways at speeds in excess of 100 miles per hour. Defendant circled the runways several times while being pursued by airport security, nearly colliding with two airplanes before crashing his vehicle into a retention pond. During the pursuit defendant drove immediately next to Southwest Airlines Flight 251

during its takeoff and as the plane was traveling at 110 knots, endangering the flight's 129 passengers and crew.  Additionally, defendant repeatedly drove directly towards USA3000 Flight 791 at a speed of approximately 130 miles per hour and passed dangerously beneath the plane's wing near its engine and fuselage.  On one occasion defendant headed directly towards Flight 791, approaching within about twenty yards of colliding with the aircraft, before turning and recklessly driving under the wing of the aircraft. Flight 791's passengers and crew were endangered by these actions, and the flight was delayed approximately 25 minutes so a runway inspection could occur.  During the time of the chase, flights were scheduled for departure and arrival at Southwest Florida International Airport, and the high-speed chase disrupted the functions of the airport and endangered safety at the airport.

In pertinent part, 18 U.S.C. § 37(a)(2) makes it a federal criminal offense for a person to unlawfully and intentionally use any device to disrupt the services of an airport serving international civil aviation if such act endangers or is likely to endanger safety at the airport.  The Court finds that the government has proven the elements of this offense beyond a reasonable doubt.  Southwest Florida International Airport is an airport serving international civil aviation.  Defendant used his vehicle to crash onto the runways at this airport and engage in high-speed driving and maneuvers which clearly endangered the safety of airplane passengers and crew, as well as others at the

airport.  Defendant's conduct disrupted the services at the airport with regard to both airplanes, and delayed to departure of one for 25 minutes.

The undisputed facts also establish, however, that at the time of these events defendant suffered from a mental disease or defect, specifically bi-polar affective disorder.  An expert for defendant and two experts from the government agree that defendant's bi-polar affective disorder was symptomatic at the time of this conduct and that defendant did not appreciate the nature, consequences, or wrongfulness of his actions at the time.  There is no evidence to the contrary.

The Court finds beyond a reasonable doubt that defendant committed the acts which constitute the offense charged in the Indictment, but also finds that defendant committed the acts because of his mental illness.  Accordingly, pursuant to 18 U.S.C. § 4242(b)(3), the Court finds that defendant is not guilty only by reason of insanity.

Accordingly, it is now

**ORDERED:**

1.  Defendant Jack Joseph Brems is found and adjudicated not guilty only by reason of insanity.

2.  Pursuant to 18 U.S.C. § 4243(a), defendant Jack Joseph Brems is committed to a suitable facility in the custody of the Attorney General until such time as he is eligible for release.  A psychiatric or psychological examination of defendant shall be

conducted and filed with the court concerning whether defendant's release would create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect.  Unless otherwise extended by order of the Court upon good cause being shown, the report shall be filed within thirty-five of the date of this Opinion and Order.

3.  The Court recommends that the Federal Detention Center in Miami, Florida be designated as the suitable facility because a mental health evaluation has already been performed on defendant at an earlier stage of this case.

4.  The Court shall conduct a hearing of defendant's eligibility for release on **June 4, 2007 at 9:00 a.m.** in Courtroom A, Fort Myers, Florida.

**DONE AND ORDERED** at Fort Myers, Florida, this ___25th___ day of April, 2007.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of Record
U.S. Marshal
DCCD
BOP